# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RON ZOLLER | CIVIL ACTION |
| VERSUS | CASE NO. 16-1837 |
| ZURICH AMERICAN INSURANCE COMPANY, et al. | SECTION: "G"(4) |

## ORDER AND REASONS

Before the Court is Defendant Schantz Manufacturing, Inc.'s ("Schantz") "Motion for Summary Judgment."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and dismiss all claims against Schantz.

### A. Factual Background

This matter involves a motor vehicle accident that allegedly occurred on February 8, 2015. In the petition for damages, Plaintiff Ron Zoller ("Plaintiff") alleges that Defendant Charles Nikolauzyk ("Nikolauzyk") rear-ended him while traveling westbound on Interstate-12 in St. Tammany Parish, Louisiana.[2] At the time of the incident, Plaintiff alleges that Nikolauzyk was driving a motor vehicle owned by Defendants Larry Newsom and Linda Newsom (collectively, "the Newsoms").[3] At that time, Nikolauzyk was allegedly employed by Defendant Newsom Trucking, Inc ("Newsom Trucking").[4] Plaintiff also alleges that at the time of the accident the

---

[1] Rec. Doc. 88.

[2] Rec. Doc. 1-4 at 2.

[3] *Id.* at 2.

[4] Rec. Doc. 5.

1

motor vehicle Nikolauzyk was driving was hauling a trailer ("the Trailer") owned by either Schantz Manufacturing, Inc. ("Schantz") or Ray Cammack Shows ("RCS").[5]

## B. *Procedural Background*

On February 2, 2016, Plaintiff filed a petition for damages against Nikolauzyk, the Newsoms, and the Newsoms' insurer Zurich American Insurance, Co. ("Zurich") in the 22nd Judicial District Court for the Parish of St. Tammany.[6] On March 4, 2016, Nikolauzyk and Zurich removed the case to this Court.[7] On March 9, 2016, Plaintiff filed a first amending and supplemental complaint naming Newsom Trucking as a defendant.[8]

On November 7, 2016, Plaintiff filed a second amending and supplemental complaint naming Hallmark as an insurer of Newsom Trucking.[9] On July 31, 2017, Plaintiff filed a third amending and supplemental complaint alleging that T.H.E. Insurance Company ("T.H.E."), the insurer of RCS, may have provided insurance coverage for the trailer being pulled by Nikolauzyk.[10] On November 21, 2017, Plaintiff filed a fourth amending and supplemental complaint against RCS, Schantz, and Schantz's insurer Selective Insurance Company of South Carolina ("Selective").[11]

---

[5] Rec. Doc. 59 at 3.

[6] Rec. Doc. 1-4 at 2.

[7] Rec. Doc. 1.

[8] Rec. Doc. 5.

[9] Rec. Doc. 29. The second amending and supplemental complaint is incorrectly labeled as the "First Amending and Supplemental Complaint."

[10] Rec. Doc. 42.

[11] Rec. Doc. 59.

On October 9, 2018, Schantz filed the instant motion for summary judgment.[12] On November 14, 2018, T.H.E. and RCS filed an opposition to the motion.[13] With leave of Court, Schantz filed a reply brief in further support of the motion on November 19, 2018.[14]

## II. Parties' Arguments

### A. *Schantz's Arguments in Support of the Motion for Summary Judgment*

Schantz seeks summary judgment on all claims pending against it.[15] Schantz asserts that at the time of the motor vehicle accident at issue in this case, Nikolauzyk was towing a trailer manufactured by Schantz at the request of RCS.[16] According to Schantz, on January 5, 2018, RCS paid $140,000 to Schantz as a down payment for the manufacturing of the trailer. Schantz asserts that it entered an oral contract with Newsom Trucking to deliver the trailer to RCS in Texas.[17] According to Schantz, Newsom Trucking provided all labor and equipment necessary to complete the delivery.[18]

Schantz notes that Plaintiff alleges three theories of liability against it: (1) as the alleged owner of the trailer; (2) vicarious liability for the acts of Nikolauzyk; and (3) liability through a potential coverage obligation of its insurer Selective.[19] Schantz argues that the undisputed evidence

---

[12] Rec. Doc. 88.

[13] Rec. Doc. 119.

[14] Rec. Doc. 126.

[15] Rec. Doc. 88.

[16] Rec. Doc. 88-1 at 2.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 2–3.

3

supports a finding of no liability against Schantz for Plaintiff's alleged damages because: (1) Schantz did not employ Nikolauzyk; (2) no employee or representative of Schantz was present at the time of the alleged accident; (3) in contracting with Newsom Trucking, Schantz simply provided the trailer's pick-up locations and final destinations; (4) Schantz did not own or supply the vehicle Newsom Trucking used to complete the delivery; (5) Schantz did not own or supply the equipment Newsom Trucking may have needed to complete the delivery; (6) Schantz did not dictate or instruct Newsom Trucking on how to complete the delivery; and (7) Newsom Trucking provided all labor and equipment necessary to complete the contracted-for delivery.[20] Therefore, Schantz asserts that Plaintiff will be unable to establish Schantz' liability in this matter.[21]

Schantz contends that Louisiana law governs Plaintiff's claims against it, and Plaintiff will be unable to prove that the negligence of Schantz was a cause-in-fact of Plaintiff's damages.[22] According to Schantz, its potential ownership of the trainer that Nikolauzyk was hauling does not create liability because Newsom Trucking was solely responsible for the delivery.[23] Furthermore, Schantz asserts that it cannot be held liable for the acts of Nikolauzyk under a theory of vicarious liability because Schantz did not employ, control, instruct, or direct the actions of Nikolauzyk.[24] Finally, Schantz asserts that its liability cannot be premised on Selective's potential coverage obligations as Plaintiff cannot independently prove liability on the part of Schantz.[25]

---

[20] *Id.* at 3.

[21] *Id.*

[22] *Id.* at 5.

[23] *Id.* at 5–6.

[24] *Id.* at 6–7.

[25] *Id.* at 7.

**B.     *T.H.E. and RCS's Arguments in Opposition of the Motion for Summary Judgment***

In opposition, T.H.E. and RCS assert that on the date of the accident, Schantz, not RCS, was the owner of the trailer.[26] According to T.H.E. and RCS, the undisputed evidence establishes that on November 24, 2014, Schantz issued a quote to RCS for the manufacturing of the trailer, and RCS made an initial payment to Schantz on December 5, 2014.[27] After the trailer was manufactured, T.H.E. and RCS contend that Schantz arranged for the trailer to be transported by Newsom Trucking to a trade show in Florida.[28] Following the trade show, T.H.E. and RCS assert that Schantz made arrangements for Newsom Trucking to transport the trailer from Florida to RCS in Texas, and the motor vehicle accident at issue in this case happened during that transport.[29] T.H.E. and RCS argue that RCS did not pay for the trailer until February 8, 2015, and Schantz did not transfer ownership of the trailer to RCS until February 17, 2018, when Schantz executed a Bill of Sale.[30] Accordingly, T.H.E. and RCS assert that Schantz owned the trailer on the date of the motor vehicle accident at issue in this case.[31]

---

[26] Rec. Doc. 119 at 1.

[27] *Id.*

[28] *Id.* at 2.

[29] *Id.*

[30] *Id.* at 2–3.

[31] *Id.* at 3.

C.  *Schantz's Arguments in Further Support of the Motion for Summary Judgment*

In the reply brief, Schantz again asserts that Plaintiff will be unable to prove that Schantz was a cause-in-fact of Plaintiff's injuries.[32] Schantz argues that ownership of the trailer is immaterial because Schantz asserts that it cannot be held liable for Plaintiff's injuries under Louisiana law, regardless of whether it owned the trailer at the time of the alleged incident.[33] Because the opposition is entirely premised on Schantz's potential ownership of the trailer, Schantz asserts that its motion for summary judgment is essentially unopposed.[34] Accordingly, because no party has pointed to a genuine issue of material fact in dispute, Schantz asserts that it is entitled to judgment as a matter of law.[35]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[36] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[37] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and

---

[32] Rec. Doc. 126 at 1.

[33] *Id.* at 1–2.

[34] *Id.* at 2.

[35] *Id.*

[36] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[37] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[38] If the record, as a whole, could not lead a rational trier of fact to find for the nonmoving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[39]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[40] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[41] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[42] In doing so, the nonmoving party may not rest upon mere allegations or denials in its pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[43] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some

---

[38] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[39] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[40] *Celotex*, 477 U.S. at 323.

[41] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (citing *Little v. Liquid Air Corp.*, 939 F.2d 1293, 1299 (5th Cir. 1991)).

[42] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[43] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[44] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[45] Furthermore, it is well-established that "[u]nauthenticated documents are improper as summary judgment evidence."[46]

## IV. Analysis

Plaintiff alleges three theories of liability against Schantz: (1) as the alleged owner of the trailer; (2) vicarious liability for the acts of Nikolauzyk; and (3) liability through a potential coverage obligation of its insurer Selective.[47] Schantz argues that the undisputed evidence supports a finding of no liability against Schantz for Plaintiff's alleged damages because: (1) Schantz did not employ Nikolauzyk; (2) no employee or representative of Schantz was present at the time of the alleged accident; (3) in contracting with Newsom Trucking, Schantz simply provided the trailer's pick-up locations and final destinations; (4) Schantz did not own or supply the vehicle Newsom Trucking used to complete the delivery; (5) Schantz did not own or supply the equipment Newsom Trucking may have needed to complete the delivery; (6) Schantz did not dictate or instruct Newsom Trucking on how to complete the delivery; and (7) Newsom Trucking provided all labor and equipment necessary to complete the contracted-for delivery.[48] In opposition, T.H.E.

---

[44] *Little*, 37 F.3d at 1075.

[45] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[46] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[47] Rec. Doc. 59 at 3.

[48] Rec. Doc. 88-1 at 3.

and RCS do not dispute any of these facts, but instead argue that Schantz was the owner of the trailer at the time of the motor vehicle accident.[49]

Article 2315 of the Louisiana Civil Code establishes a general cause of action for negligence: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[50] In determining whether to impose liability under Article 2315, Louisiana courts employ a duty-risk analysis, whereby a plaintiff must establish the following five elements: "(1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element)."[51] "[C]ause-in-fact is found when defendant's conduct was a substantial factor in the injury; it need not be the sole cause."[52] "A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability."[53]

The principle of vicarious liability or respondeat superior is codified at Louisiana Civil Code article 2320. Article 2320 provides that an employer is liable for the tortious acts of its

---

[49] Rec. Doc. 119.

[50] La. Civ. Code art. 2315.

[51] *Audler v. CDC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (internal citations omitted).

[52] *Manuel v. Shell Oil Co.*, 94-590 (La. App. 5 Cir. 10/18/95); 664 So. 2d 470, 475 (citations omitted) (applying the substantial factor causation standard for benzene exposure).

[53] *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321 (La. 1994).

employees "in the exercise of the functions in which they are employed."[54] The Louisiana Supreme Court has recognized that even if an employment relationship exists "the employer will not be liable for the substandard conduct of the employee unless the latter can be fairly said to be within the course and scope of the employment with the former."[55]

In the motion for summary judgment, Schantz points to portions of the record showing that it did not employ Nikolauzyk, did not have an employee or representative present at the time of the alleged accident, and did not instruct Newsom Tucking on how to complete the delivery. In response, no party has come forward with any facts showing that Schantz was a cause-in-fact of Plaintiff's injury or that Schantz can be held liable for the actions of Nikolauzyk. As a result, there are no material facts in dispute, and the Court finds that Schantz is entitled to judgment as a matter of law.

## V. Conclusion

For the foregoing reasons, the Court finds that there are no material facts in dispute and Schantz is entitled to judgment as a matter of law. Accordingly,

**IT IS HEREBY ORDERED** that Schantz Manufacturing, Inc.'s "Motion for Summary Judgment"[56] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this ___10th___ day of December, 2018.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[54] La. Civ. Code art. 2320.

[55] *Brasseaux v. Town of Mamou*, 99-1584 (La. 1/19/00); 752 So. 2d 815, 820 (internal citations omitted).

[56] Rec. Doc. 88.