UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RON ZOLLER | CIVIL ACTION |
| VERSUS | CASE NO. 16-1837 |
| ZURICH AMERICAN INSURANCE COMPANY, et al. | SECTION: "G"(4) |

**ORDER AND REASONS**

Before the Court is Defendant Hallmark Specialty Insurance Company's ("Hallmark") "Motion for Summary Judgment/Alternatively Motion for Declaratory Judgment."[1] The matter involves a motor vehicle accident that allegedly occurred on February 8, 2015. In the petition for damages, Plaintiff Ron Zoller ("Plaintiff") alleged that Defendant Charles Nikolauzyk ("Nikolauzyk") rear-ended him while traveling westbound on Interstate-12 in St. Tammany Parish, Louisiana.[2] At the time of the incident, Plaintiff alleged that Nikolauzyk was driving a motor vehicle owned by Defendants Larry Newsom and Linda Newsom (collectively, "the Newsoms").[3] At that time, Nikolauzyk was allegedly employed by Defendant Newsom Trucking, Inc ("Newsom Trucking").[4] Plaintiff also alleged that at the time of the accident the motor vehicle Nikolauzyk was driving was hauling a trailer ("the Trailer") owned by either Schantz Manufacturing, Inc. ("Schantz") or Ray Cammack Shows ("RCS").[5]

---

[1] Rec. Doc. 86.

[2] Rec. Doc. 1-4 at 2.

[3] *Id.* at 2.

[4] Rec. Doc. 5.

[5] Rec. Doc. 59 at 3.

On February 2, 2016, Plaintiff filed a petition for damages against Nikolauzyk, the Newsoms, and the Newsoms' insurer Zurich American Insurance, Co. ("Zurich") in the 22nd Judicial District Court for the Parish of St. Tammany.[6] On March 4, 2016, Nikolauzyk and Zurich removed the case to this Court.[7] On March 9, 2016, Plaintiff filed a first amending and supplemental complaint naming Newsom Trucking as a defendant.[8] On November 7, 2016, Plaintiff filed a second amending and supplemental complaint naming Hallmark as an insurer of Newsom Trucking.[9] On July 31, 2017, Plaintiff filed a third amending and supplemental complaint alleging that T.H.E. Insurance Company ("T.H.E."), the insurer of RCS, may have provided insurance coverage for the trailer being pulled by Nikolauzyk.[10] On November 21, 2017, Plaintiff filed a fourth amending and supplemental complaint against RCS, Schantz, and Schantz's insurer Selective Insurance Company of South Carolina ("Selective").[11] On October 8, 2018, Hallmark filed the instant motion for summary judgment.[12]

In the instant motion, Hallmark urges the Court to grant summary judgment or issue a declaration finding that the Selective Policy or the T.H.E. Policy "must be exhausted before Hallmark's excess limits apply."[13] Hallmark's motion for summary judgment is reliant upon the

---

[6] Rec. Doc. 1-4 at 2.

[7] Rec. Doc. 1.

[8] Rec. Doc. 5.

[9] Rec. Doc. 29. The second amending and supplemental complaint is incorrectly labeled as the "First Amending and Supplemental Complaint."

[10] Rec. Doc. 42.

[11] Rec. Doc. 59.

[12] Rec. Doc. 86.

[13] Rec. Doc. 86-2 at 1.

Court finding that either the Selective Policy or the T.H.E. Policy affords coverage for the Newsoms, Newsom Trucking, and Nikolauzyk. In its prior orders, the Court ruled that neither the Selective Policy nor the T.H.E. Policy provide coverage for the Newsoms, Newsom Trucking, or Nikolauzyk.[14] The Court found that "[a] plain reading of the policy language establishes that the trailer is 'mobile equipment,' which is expressly excluded from the definition of an 'auto' under the terms of the Selective Policy. Therefore, any use of the food trailer cannot trigger 'insured' status for Newsom Trucking, the Newsoms, or Nikolauzyk."[15] Because neither the Selective Policy nor the T.H.E. Policy afford coverage and both parties have been dismissed from the case, Hallmark's arguments in this motion are moot. Accordingly,

**IT IS HEREBY ORDERED** that Hallmark Specialty Insurance Company's "Motion for Summary Judgment/Alternatively Motion for Declaratory Judgment"[16] is **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA,** this __10th__ day of December, 2018.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[14] *See* Rec. Docs. 133, 134.

[15] Rec. Doc. 133 at 21. The Court also drew this conclusion in finding that the T.H.E. Policy excluded coverage of the food trailer. Rec. Doc. 134 at 22.

[16] Rec. Doc. 86.